NICHOLAS CAROTA, Appellant, v. IRVING MAX and Another, Respondents, Impleaded with Others.— Order of the County Court of Nassau county modified by striking therefrom the direction for a new trial, and as thus modified unanimously affirmed, without costs. (*Papenmeyer* v. *Roddy*, 145 App. Div. 579.) Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

LESTER HARRIS, Respondent, v. VILLAGE OF DOBBS FERRY, Appellant.— Judgment affirmed, without costs. In enacting the ordinance* restricting the use of the plaintiff's property, the village trustees based their action upon Village Law, section 89, as amended by Laws of 1921, chapter 464, and it is so recited in the preamble to the ordinance. But the ordinance does not comply with the law as amended (Village Law, § 89, subd. 30, added by Laws of 1921, chap. 464), which requires the division of the village into districts, and regulations for each such district, all to be in accordance with a well-considered plan. The Legislature did not intend that such restrictions on the property owners' rights should be haphazard, selecting one street or another from time to time. The regulation must be " in accordance with a well considered plan," applying to the entire village. If the trustees desire to accomplish the objects recited in the preamble to their resolution, the method is pointed out in the statute. It is best to adhere to the statutory provisions in interfering with the property owners' rights. Kelly, P. J., Rich and Kelby, JJ., concur; Jaycox and Kapper, JJ., dissent upon the ground that the ordinance created the essential districts contemplated by the statute in prohibiting the particular trade in a specified portion of the village, which by necessary implication permitted that trade in the remainder of the village, which was, therefore, in fact the creation of another district.

BERTHA JAFFE, an Infant, by HARRY JAFFE, Her Guardian ad Litem, Appellant, v. ZIEGFRED WETZLER and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

CORNELIUS KENNEDY, Respondent, v. ERIK STENBERG, Appellant.— Judgment and order of the County Court of Queens county unanimously affirmed, with costs. No opinion. Present — Rich, Jaycox, Manning, Kelby and Kapper, JJ.

JACOB KLEIN, Respondent, v. SOL LEVIN and Another, Appellants.— Judgment unanimously affirmed, with costs. We agree with the learned Special Term that the demised building was destroyed by the fire, within the terms of the lease. The work required to restore the ruined garage was rebuilding of the structure, not repairs. Therefore, the lease was at an end and the tenant was entitled to a return of the deposit. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

NOXON CHEMICAL PRODUCTS Co., INC., Appellant, v. EDGEWAY IMPROVEMENT CORPORATION and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

---

* See Dobbs Ferry Zoning Ordinance, July 5, 1921.— [REP.