WILLIAM CONNELL et al., Appellants, *v.* TOWN OF GRANBY et al., Respondents.

Fourth Department, January 12, 1961.

*Culkin & Read* (*David J. Read* of counsel), for appellants.

*Charles F. Sauers* for Town of Granby and another, respondents.

*Eugene F. Sullivan, Jr.,* for Zoning Board of Appeals, respondent.

*Per Curiam.* In 1938 the Town of Granby adopted a zoning ordinance creating the West River Road, North Residential District, and restricted it to residential and agricultural use. The district is equivalent to an area less than one tenth of the size of the town. No other provisions for zoning have ever been made for the remainder of the town.

The plaintiffs, property owners within the restricted area since June of 1956, constructed a cinder block addition on the rear of their home and commenced a dry-cleaning business. After an information had been filed prosecuting them for violating the town zoning ordinance they instituted this action for a judgment declaring the ordinance invalid. The trial court decided that the ordinance was valid, having been adopted pur-

suant to a comprehensive zoning plan, in substantial compliance with section 263 of the Town Law. It reasoned that although only a small area of the town was zoned, for all practical purposes the ordinance was in accordance with a comprehensive plan for "It declared in effect that one part of the town required zoning and the remainder of the town did not require such zoning." We do not believe the record supports this determination and we must, therefore, hold that the ordinance is invalid.

A town zoning board may exercise its power to make zoning regulations only "[f]or the purpose of promoting the health, safety, morals, or the general welfare of the community" (Town Law, § 261). The power to control and restrict the use of land is a legitimate exercise of the police power of the State. (*Euclid* v. *Ambler Co.,* 272 U. S. 365, 387.) But this power may not be used for the benefit of a few. Section 262 of the Town Law provides that a town may divide that part of a town which is outside the limits of any incorporated village or city into districts. Section 263 states that the "regulations shall be made * * * with a view to * * * encouraging the most appropriate use of land throughout such municipality." Accordingly, a district may be created but it must be created in the light of a municipality or town objective as opposed to an exclusively district purpose. Section 263 of the Town Law requires that zoning regulations "shall be made in accordance with a comprehensive plan". This direction is legislative recognition that piecemeal, haphazard or partial zoning does not satisfy the need of promoting the general welfare. Under appropriate conditions, the greater portion of a town may be regulated by a simple ordinance designating it as agricultural or residential or both, and a very small portion of the town may be beneficially adaptable to some other particular purposes. The wisdom of classification is for the zoning board and not for the courts. (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115; *Levitt* v. *Incorporated Vil. of Sands Point,* 6 N Y 2d 269.) However, lacking any evidence of the existence of an over-all plan, as in the instant case, the trial court's conclusion that such a plan existed by implication appears to be based on conjecture and surmise. The stipulated facts make no mention whatsoever of any other part of the town except the district in question. The sole finding that the "ordinance is comprehensive within the zoning district thereby established" is in direct apposition to the mandate of section 263.

Compliance with legislative direction may not be left to speculation or guess. To assert that the presumption of constitutionality of the ordinance cures the situation is to declare that every

such ordinance is valid; that by failing to act the town did in fact act. We can find no support in this record or in the law for such an assumption. (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339, 344.) Minimum conformity with the statutory requisite demands at least a positive expression of exclusion of the remainder for good reason. Comprehensiveness need not connote total geographical regulation. It is as possible to be arbitrary in regulating the whole as it is in regulating a part. Allowance must be made for implementation because of changed circumstances and conditions. Some areas may be left open for future development and evolution. However, the evidence must indicate that the relationship of the part to the whole has been considered; here there is no such indication.

Zoning finds its justification only in some aspect of the police power exercised for the public welfare. (*Euclid* v. *Ambler Co.,* 272 U. S. 365, *supra.*) The burden incident to the exercise of the police power should be distributed equally so far as possible. Where a plan or part thereof is unnecessary to the general purpose or scheme as a whole, it may deprive an owner of the beneficial and profitable use of his property. (*Nectow* v. *Cambridge,* 277 U. S. 183; *Matter of Eaton* v. *Sweeny,* 257 N. Y. 176, 183; *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115.)

- The present town ordinance of the Town of Granby may be in accord with the peculiar suitability for particular purposes within that district but the difficulty is that the town has not been explicit in demonstrating that the ordinance is consonant with the best interests of the whole town. Absent such demonstration of conformity with a comprehensive plan, it cannot be held that section 263 has not been violated. (*Harris* v. *Village of Dobbs Ferry,* 208 App. Div. 853; *City of Utica* v. *Hanna,* 202 App. Div. 610.) Where it has not been established that an ordinance arises out of a comprehensive plan, there is an unreasonable exercise of the police power and consequent invalidity.

The judgment should be reversed and judgment directed for the plaintiffs.

All concur, except HALPERN, J., who dissents and votes to affirm. Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of plaintiffs, with costs. Certain findings of fact disapproved and reversed and new findings made.