John J. O’Brien, J.
Defendant appeals from a judgment of a Justice’s Court (Harold R. Moore, Jr., J. P.) of the Town of Kingsbury, convicting defendant, on the verdict of a jury, of a violation of the Zoning Ordinance of the Town of Kingsbury.
Defendant is the owner of certain premises on Yole Drive in the Town of Kingsbury located in an R-15 Residential District. Under section 62 of the town’s Zoning Ordinance permitted uses in an R-15 Residential District are:
“a. One single-family dwelling per lot with such accessory buildings as may be associated with residential use.
“ b. Gardening pursuits for the benefit of the resident family.
‘ ‘ c. Customary farming operations on land which is part of a farm included within the boundaries of the district.
*1006 “ d. Churches with associated activities. ■
“ e. Public schools and public buildings.
“ f. Public parks together with buildings and uses incidental to their operation.
‘ ‘ g. Customary home occupations such as the practice of the professions, giving private instructions and dressmaking.” Section 81 of the ordinance provides that: “ A violation of this ordinance is hereby declared to be a misdemeanor punishable by a fine not exceeding $50.00 or imprisonment for a period not to exceed 6 months, or both. Each week’s continued violation shall constitute a separate additional violation.”
Section 41 of the ordinance provides that a construction permit “ shall be required for placing a trailer for residential purposes in any area outside an authorized trailer park.”
Section 47 of the ordinance provides that any person aggrieved by a decision made under the ordinance 1 ‘ may present an appeal for redress to the Board of Appeals,”
Subdivision i of section 61 of the ordinance provides: ‘ ‘ trailers. Trailers, except as hereinafter specified, either as separate units or as component parts of a building, shall be located in trailer parks. ’ ’
Subdivision j provides: ‘ ‘ trailer parks. All trailer parks shall be in planned development districts. Trailers in a trailer park shall be situated 25 feet distant from the side park lot lines with set back lines the same as for residences.”
The information signed by the Zoning Administrator of the Town of Kingsbury alleged that defendant violated section 62 of the ordinance on June 26, 1964 by “ wrongfully, unlawfully, wilfully and knowingly placing a mobile home or trailer on said premises ’ ’ an act forbidden by the ordinance.
It appears that on June 23, 1964, defendant filed an application for a permit for temporary construction on her property, the explanation being: “ My daughter had a fire — I want a temporary permit to place a trailer on my lot until she can build. This lot is back in wood out of sight of neighbors ”. The Zoning Administrator refused the permit. She testified that she had no choice because a trailer could only be placed in a trailer court or on a farm under the ordinance and defendant’s land was in an R-15 Residential District. Defendant made no attempt to appeal to the Board of Appeals which alone had power to redress any action taken under the ordinance.
The testimony amply shows that on June 25, 1964, a trailer on wheels was driven onto defendant’s land and thereafter the wheels were either hidden from view or removed when the entire trailer was placed on a foundation.
*1007 Such conduct constitutes a clear violation of the Zoning Ordinance. In People v. Lederle (206 Misc. 244, affd. 309 N. Y. 866) and People v. Dennis (206 Misc. 402), the facts of which are virtually identical with those in this appeal, convictions were upheld, and must here also he upheld.
Defendant contends that the People failed to prove defendant’s guilt because no one testified that defendant had anything to do with actually placing the trailer on the property. Such contention is specious. The land on which the trailer was placed is defendant’s. It was in her control and if the trailer somehow was placed thereon, the act of placing it is that of defendant.
Defendant contends that the Zoning Ordinance is unconstitutional . Defendant, not having appealed to the Board of Appeals, cannot make such contention on this appeal. As the court said in People v. Calvar Corp. (286 N. Y. 419, 421-422):
‘1 There has been no such deprivation until there has been application for a permit and unreasonable refusal, and a statute does not violate the Constitution where it does not deprive an owner unreasonably of his property if the statute is properly administered in accordance with its terms. (Dowsey v. Village of Kensington, 257 N. Y. 221.)
“Perhaps there has already been application and denial in this case, but that does not appear from the record and the appellants are not asking here a review of any determination by the Board of Appeals denying such application.”
Assuming that the contention that the ordinance is unconstitutional may be maintained, defendant argues that the ordinance does not attempt to regulate trailers but to prohibit them. A reading of the ordinance shows that they can be maintained in trailer parks and in agricultural districts. That is not prohibition but regulation. The distinction between the districts in which they may be maintained and those in which they may not be maintained is reasonable and bears a distinct relationship to the public health and welfare. In fact, section 101 of the ordinance provides that: “In their interpretation and application, the provisions of this ordinance shall be held to be the minimum requirements adopted for the promotion of the public health, morals, safety, and general welfare.”
In view of sewage, water supply, waste disposal and other problems connected with the maintenance of trailers, permitting them in trailer parks where these public services can be strictly supervised indeed bears a relationship to the public health and welfare. Permitting an individual trailer on a farm likewise bears a reasonable relation to the public health and welfare in view of the isolated nature of a single trailer on a farm and the *1008 Jack of likelihood that sewage from the trailer will contaminate the water supply of the general area. In these places, land values of the surrounding area are unaffected. In a residential district, a trailer tends to lower land values.
Despite the claims of defendant, the charge of the trial court was fair and left the issues to the jury for its determination. Their verdict of “ guilty ” is amply supported by the testimony.
The final contention of defendant is that the court violated section 425 of the Code of Criminal Procedure in permitting the exhibits to be taken into the jury room. Section 425, as amended in 1961, provides that: ‘ ‘ The court after giving the defendant, his counsel and counsel for the people an opportunity to be heard, in the exercise of reasonable discretion, may permit the jury, upon retiring for deliberation, to take with them any exhibit which has been received as evidence in the cause.”
During the course of the charge and before giving counsel for defendant and the People an opportunity to be heard, the court told the jury that it could take the exhibits with them into the jury room. At the conclusion of the charge, counsel for the People said: “ May the jury take all the exhibits including the original information and deposition? The court: Any objections? Mr. Hall: I’m not going to consent to it. The court: All right, I will allow it. ’ ’
There are no cases construing section 425 of the Code of Criminal Procedure as amended in 1961. The 1961 amendment was sponsored by the State District Attorney’s Association and its recommendation for the amendment (N. Y. Legis. Ann. 1961, p. 46) reads in part as follows:
‘£ Under the current provisions of section 425 of the Code of Criminal Procedure, jurors may not take any exhibits with them upon retiring for deliberation if either counsel for the People or the defense objects. This is true even although [sic] the exhibits are legally introduced and admitted into evidence during the trial and are therefore a proper subject for discussion and deliberation by the jury. * * * Clearly a jury should be entitled to examine and discuss * # # vital exhibits during its deliberations. In fact, a situation can hardly be envisaged whereby a jury would not be aided in reaching a just verdict by allowing such exhibits to go into the jury room.
£ £ There are situations wherein it might be prejudicial, unfair or unwise to permit a particular exhibit to go into the jury room, away from the watchful eye of the court. * * * Counsel for both sides are given an opportunity to register objections to an exhibit going into the jury room. Again, the court is given dis *1009 eretion in this area, and, if in some manner the court abused its discretion, the court’s actions would be subject to appellate review.
‘ ‘ There is nothing new or revolutionary in the proposed legislation. Indeed, it would merely conform to the present rule in the federal courts where the court is given discretion in permitting juries to take exhibits with them. Kemler v. United States, 133 F. 2d 235 (1943); Robinson v. United States, 210 F. 2d 29 (1954).”
This explanation of the purpose of the amendment of the statute shows that the ruling of the court below was entirely correct. The discretion was his to permit the exhibits to be taken into the jury room. Accordingly, when he stated without consulting the attorneys that the jury could take the exhibits with them, he was exercising the discretion which the statute gave him. Moreover defendant did not take exception to that portion of the charge. The objections of defendant’s counsel were not addressed to a specific exhibit which might prejudice his client and so did not fall within the intendment of the amended statute. The Trial Judge did not commit any reversible error in allowing the exhibits to be taken into the jury room.
The judgment of conviction is affirmed.