MOBILE HOME OWNERS PROTECTIVE ASSOC., INC., et al., Appellants,
v. TOWN OF CHATHAM et al., Respondents.

Third Department, November 25, 1969.

*Michael Le Sawyer* for appellants.

*Curran & Flint* (*Keith G. Flint* of counsel), for respondents.

HERLIHY, P. J. This is an appeal by the plaintiffs from an order of Supreme Court at Special Term, entered April 11, 1969 in Columbia County, which granted a motion by the defendants for summary judgment, and from the judgment dismissing their complaint.

Subdivision 21 of section 130 of the Town Law authorizes the defendant town to regulate " house trailers " and particularly " the parking, storage or otherwise locating of house trailers when used or occupied as living or sleeping quarters in any part of the town outside an established house trailer camp, tourist camp or similar establishment; providing time limits on duration of the stay of such house trailers and requiring registration of such house trailers when so used."

Pursuant to this authority, the defendant town enacted an ordinance which prohibits the permanent location of mobile homes within its boundaries except in mobile home parks with limited exceptions as to temporary uses and with permission to farmers to have no more than two such homes for the use of their employees. The appellants seek a declaration that the ordinance is unconstitutional or that it exceeds the power of the town to regulate trailer houses under subdivision 21 of section 130 of the Town Law.

The contention of the appellants that the words "mobile home" are different from "trailer house" is without merit. It further appears that the appellant, Katie May Gleason, conceded in her affidavit in the record that the structure at issue in this case was a mobile home prior to placing it upon her property.

It would appear somewhat anomalous to consider a residence some 12 feet wide by 60 feet in length set upon a permanent foundation to be anything other than an ordinary house, but the case of *People* v. *Clute* (18 N Y 2d 999 [1966], affg. 47 Misc 2d 1005) apparently stands for the proposition that once mobile, the structure remains a "trailer" regardless of the manner in which it is affixed to a foundation. The constitutionality of discrimination against such homes as single-family residences was also apparently upheld in the *Clute* case and although that case dealt with a criminal conviction for violation of a zoning ordinance, the affirmance by the Court of Appeals as opposed to the dissenting opinion therein would appear to preclude the raising of any question as to constitutionality in this case based on discrimination. (Cf. *New York Mobile Homes Assn.* v. *Steckel,* 9 N Y 2d 533.)

It is doubtful that when granting power to the towns to regulate house trailers in 1939 (L. 1939, ch. 581) the Legislature contemplated the construction of residences the size of the structure at issue in the present case and indistinguishable from any other type of residence when mounted upon a foundation in the manner of houses constructed upon the premises. However, the similarity of the present residence being designed to be transported upon wheels over the public highways to the trailer houses of 1939 requires that the subject residence be considered a trailer house within the meaning of subdivision 21 of section 130 of the Town Law.

In view of *People* v. *Clute* (18 N Y 2d 999, *supra*) it appears that relief for persons owning or desiring to own prefabricated residences of the type described in the instant proceeding must come from the Legislature.

The order and judgment should be affirmed, without costs.

STALEY, JR., and COOKE, JJ., concur; REYNOLDS, J., concurs in the result.

Order and judgment affirmed, without costs.