Edward F. McLaughlin, J.
Petitioner initiated this pro *862 ceeding under CPLR article 78, returnable at Special Term, seeking relief from an adverse determination by the respondent, Town of Mexico, concerning an application for a permit to place a mobile home on a certain site in the Town of Mexico.
Petitioner contends that denial of the application by the Town Zoning Board of Appeals is arbitrary and capricious and attacks the constitutional validity of section 540 (subd 4, par D) of the town zoning ordinance. Respondent contends that the ordinance is a valid exercise of the town’s police power in promoting the health, safety and general welfare of the community, and that it was enacted to prevent the danger of arbitrary determinations by individual zoning officers.
Since an article 78 proceeding is not the proper vehicle for a determination of constitutionality, the court in its discretion has converted this proceeding into a declaratory judgment action by authority of CPLR 103 (subd [c]). (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, and Berenson v Town of Newcastle, 38 NY2d 102.)
Petitioner resides in the Town of Mexico and is the owner of 20 acres of open farm land situated in that town. On April 8, 1977, petitioner applied to the zoning officer of the Town of Mexico for a permit to place a 1973 model mobile home on his farm property. The mobile home, which was owned by petitioner’s brother and sister-in-law, was to be placed on the site for the purpose of renting it to tenants who are neither parties to this proceeding nor related to petitioner.
Section 540 (subd 4, par D) of respondent’s Land Use Ordinance enacted May 5, 1976, provides as follows: "4. A mobile home must be: A. Erected on a foundation not affected by frost. B. Tied down against the effects of wind. C. Constructed in accordance to N.Y.S. mobile home construction code. D. Original owner units. E. Skirted within ninety days after occupancy. Once emplaced to conform to the above standards, an original unit, which for the purpose of this ordinance is defined as a mobile home manufactured within a year prior to the date of emplacement, and not previously occupied, may be resold in place provided that it otherwise complies with the above standards.”
The zoning officer denied petitioner’s application on the sole ground that petitioner’s mobile home did not comply with the definition of "original owner units” under paragraph D of *863 subdivision 4 in that the mobile home was manufactured more than one year prior to the proposed date of placement.
Petitioner appealed this decision to the Town Zoning Board of Appeals, requesting a variance from the "original owner units” ordinance requirement. On July 22, 1977, the board of appeals denied the petitioner’s application solely on the basis of section 540 (subd 4, par D).
The authority for municipalities to enact zoning ordinances is derived from section 261 of article 16 of the Town Law. Zoning ordinances are enacted for the purposes of promoting the health, safety, morals or general welfare of the community. Town boards are empowered by statute to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes. Furthermore, subdivision 21 of section 130 of the Town Law permits a town to pass ordinances regulating house trailer camps and house trailers. The statute provides for regulation of sewer connection, water supply, toilets, garbage removal, registration of occupants and inspection of camps.
There are presently two designated mobile home parks within the township in accordance with subdivision 1 of section 540 of the town’s ordinance. In addition, the placement of mobile homes in agricultural districts is a permitted use in the town in accordance with subdivision 2 of section 540. In short, the sole reason for denial of the variance was the authority of section 540 (subd 4, par D) of the town’s ordinance requiring that mobile homes be "original owner units”.
Petitioner first contends that the ordinance was enacted in the absence of any comprehensive or master plan as required by section 263 and section 272-a of the Town Law of the State of New York. Section 263 requires zoning regulations shall be made in accordance with a "comprehensive plan” and that they shall be designed for certain specific purposes enumerated therein to promote the general health and welfare of the community and encourage the most appropriate use of land throughout the community.
As respondent points out, a "comprehensive plan” within the requirement of this section is not necessarily a written document. (Jackson & Perkins Co. v Martin, 16 AD2d 1, revd *864 on other grounds, 12 NY2d 1082; Walus v Millington, 49 Misc 2d 104.)
The underlying purpose of such a plan is to control land uses for the benefit of the whole community based upon consideration of the community’s problems and to apply the ordinance itself or its general policy to obtain a uniform result. (Walus v Millington, supra.)
In sum, the requirement of a comprehensive plan is legislative recognition that piecemeal, haphazard or partial zoning does not satisfy the need of promoting the general welfare. (Connell v Town of Granby, 12 AD2d 177.)
Petitioner has offered no evidence to show that the town has ignored the general welfare of the community in favor of a chosen few in the enactment of its zoning ordinance. Moreover, a municipality may enact zoning regulations although it does not have a "master plan”. (Daum v Meade, 65 Misc 2d 572.) Petitioner’s argument on this point is thus without merit.
Petitioner next attacks the constitutional validity of section 540 (subd 4, par D) of the town zoning ordinance. In effect, the ordinance prohibits parking of any mobile home within the town limits unless the mobile home is emplaced by the original occupants within one year of the date of the mobile home’s manufacture.
The dominant design of any zoning ordinance is to promote the public health, safety and welfare of the community as a whole. (Shepard v Village of Skaneateles, 300 NY 115.) Land use restrictions are, of course, subject to the constitutional limitation that they must not be arbitrarily or unreasonably applied. (Style Rite Homes v Zoning Bd. of Appeals of Town of Chili, 54 Misc 2d 866.)
There is a presumption that a duly enacted zoning ordinance is constitutional and the burden of establishing otherwise rests upon the petitioner. (Arverne Bay Constr. Co. v Thatcher, 278 NY 222; Rodgers v Village of Tarrytown, 302 NY 115.) Petitioner must show the ordinance is not justifiable under the police power of the State by any reasonable interpretation of the facts. If the judgment of the legislative body is fairly debatable, it must control. (Shepard v Village of Skaneateles, supra.) When, however, the restrictions upon the free use of property become so harsh as to be "unreasonable and arbitrary, unnecessary to the preservation of the scheme and purpose as a whole, approaching the point where an owner is *865 deprived of any beneficial or profitable use of his property, then the court should step in and afford relief’. (Matter of Eaton v Sweeny, 257 NY 176, 183.)
The court finds that section 540 (subd 4, par D) of the Zoning Ordinance of the Town of Mexico is an arbitrary and unreasonable restraint upon petitioner’s use of his property. It cannot reasonably be contended that only those mobile homes built within a year of placement are sufficiently safe and aesthetically pleasing to satisfy even the most rigorous health, safety and welfare standards of the community. It is unreasonable to conclusively presume that a high-quality mobile home built two or three years before emplacement is per se unfit for location within the town.
The mobile home in question has a value of approximately $7,000 and is in excellent condition. As a 1973 model, it can hardly be said to be antiquated or obsolete or aesthetically unacceptable. The arbitrary nature of the ordinance restriction is readily apparent. For example, a nine-month old mobile home with a cost of $4,000 would be eligible for placement in the town, while a well-kept two-year old mobile home with a cost of $10,000, or an even newer model which had once changed hands, would not.
The town, of course, may regulate the quality, size, or construction code of a structure to protect the safety and welfare of the community. (Town Law, § 261.) The town has done just that under subdivisions A, B, C, and E of section 540 of its ordinance. In particular, subdivision C requires that a mobile home be "constructed in accordance to N.Y.S. mobil [sic] home construction code.”
Under the circumstances, the court cannot view the "original owner units” requirement as having a reasonable relation to the health, safety and welfare of the community. Furthermore, it appears that a restriction allowing only those mobile homes emplaced within one year of manufacture is much more arbitrary than would be the decision of a zoning officer based on reasonable, articulated standards of construction, safety, placement and exterior appearance.
It must be concluded that section 540 (subd 4, par D) of the Town of Mexico zoning ordinance greatly exceeds the scope of zoning powers vested in municipalities by the enabling statutes, sections 130 (subd 21) and 261 of the Town Law, and is an arbitrary and capricious restriction upon the use of petitioner’s property. Subdivision 4 (par D) of section 540 is *866 declared to be null and void, and the respondent is restrained from acting pursuant to it.