OPINION OF THE COURT
John R. Tenney, J.
Is a mobile home always a mobile home for zoning purposes, regardless of the manner in which it is affixed to real property? Petitioner purchased a lot in the Town of Verona upon which she intended to construct a permanent residence. In the interim, she located a mobile home on the land and obtained a nine-month temporary license in accordance with the applicable ordinance (hereinafter, the mobile home ordinance). She subsequently discovered that certain water problems would not permit the house she had planned. She applied for building permits which would allow her to affix the mobile home to a foundation and enclose it with exterior side walls, two porches and a peaked roof.
When the temporary license expired, she was issued a summons for violation of the zoning ordinance. The Town Justice refused to accept her plea of not guilty and, without affording her an opportunity for a hearing, sentenced her to a fine of $50 per day for each day that she continued the violation. Imposition of the fine has been stayed pending this proceeding.
On October 17, 1983, the zoning board of appeals found that petitioner was subject to the mobile home ordinance and refused to authorize her proposal. The board relied *849 upon the definition of “House Trailer” contained in its mobile home ordinance “any enclosed vehicle or structure * * * now or formerly mounted on wheels”. The proposed construction otherwise meets all other requirements and conforms to the building permit. Petitioner now seeks to have this determination overturned as arbitrary and capricious and as an abuse of discretion. Although CPLR article 78 relief is requested (CPLR 7803, subd 3) the application is not so phrased. Nevertheless, the respondents have been adequately advised of the nature of the issues and, since there is no prejudice, the court will exercise its discretion under CPLR 103 (subd [c]), and treat the proceeding as having been properly commenced. (Matter of Sylvander v Stewart, 36 AD2d 567.)
When is a mobile home no longer mobile such that it may properly be treated as a building or other improvement to realty? In New York Mobile Homes Assn. v Steckel (9 NY2d 533) classification of mobile homes as real property for tax purposes was authorized.
The court observed (supra, at p 539) “[i]n this respect the situation presented is no different from that involved in any case where a lessee erects a building or other improvement on the realty of his landlord.”
Aetna Life Ins. Co. v Aird (108 F2d 136) found that an automobile trailer was a building for purposes of a life insurance policy which provided double indemnity in case of injury caused by “burning of a building”.
A more interesting problem was presented in Willets v Schnell (16 NY2d 686). There was no mobile home ordinance, thus the owner argued that he was not subject to the Residential-B zoning ordinance which established a minimum lot size and minimum square footage requirement for buildings in the zone. The Court of Appeals rejected this argument stating that mobile homes which had been set on building blocks were affixed to the realty and came within the definition of buildings for zoning purposes.
There is a development suggested by these decisions that a mobile home may be considered realty for zoning and tax purposes. The problem posed by the instant case is that the town has an ordinance which defines mobile home or house trailer quite succinctly and restricts its use once it is *850 established that the structure at issue meets the definition. There is no question that the town has acted within the authority of its ordinance.
In order to prevail, the petitioner must establish that the ordinance itself has no reasonable basis. (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11-12.)
The purpose of this mobile home ordinance is “to promote the health, safety and general welfare of the inhabitants of the Town of Verona”. Restricting maintenance of mobile homes to designated parks or areas is generally considered to be a reasonable regulation and not an unconstitutional prohibition. (People v Clute, 47 Misc 2d 1005, affd 18 NY2d 999.)
Under section 261 of the Town Law, a town may regulate such things as the quality, size and construction material of a structure to protect the safety and welfare of a community. (Herrington v Town of Mexico, 91 Misc 2d 861.) There is no reason to conclude that the town has made an unreasonable use of its authority. Therefore, the petition is dismissed.
Since the action of the Justice of the Peace was without a hearing, the order is vacated and the petitioner has 60 days in which to remove the mobile home from the premises.