(June 19, 1944.)

HENRY BARKMANN et al., Respondents, v. TOWN OF HEMPSTEAD et al., Appellants.— Action for a permanent injunction restraining defendants from enforcing a section of the building zone ordinance of the town of Hempstead insofar as it prohibits the harboring of pigeons upon the property of plaintiffs. Judgment declaring the ordinance void and unenforcible so far as it affects plaintiffs, and restraining the enforcement of said ordinance, reversed on the law, without costs, and the complaint dismissed on the law, without costs. The findings of fact have been considered and are not approved. Zoning ordinances have for their purpose the regulation and restriction of uses of property in particular zones so as to protect such zones as to the present, during the transition periods in connection with further development of the areas concerned, and also as to the future. The Town Law (§ 130, subd. 8; §§ 261, 262), grants to the Town of Hempstead the power to enact the zoning ordinances attacked herein. The validity of section G–5.0 of article 14 of the Building Zone Ordinance of the Town of Hempstead is to be determined in connection with subdivision (b) of section Z–1.1 of article 12 of the Building Zone Ordinance of the Town of Hempstead. The former section prohibits, *inter alia,* the use of any structure for the harboring of pigeons, and the latter section provides for the issuance of temporary permits respecting the various uses prohibited in the former section "in undeveloped sections of the Town." The latter section, giving flexibility to the application of the zoning ordinance, is valid in that the delegation of power to the Board of Appeals is to be exercised in accordance with a readily applicable standard stated therein. (*Matter of Small* v. *Moss,* 279 N. Y. 288, 295; *Green Point Sav. Bank* v. *Zoning Appeals Board,* 281 N. Y. 534; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 227; *Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352.) In the second application of the plaintiffs for a permit under subdivision (b) of section Z–1.1 the plaintiffs, concededly in an "undeveloped" area of the town, were granted permission to maintain chickens but not pigeons. It is undisputed in the record that the pigeons are harbored by plaintiffs merely as a pastime. Depriving them of this pastime does not affect substantially the property rights of plaintiffs in the use of the premises, which are otherwise undisturbed and unimpaired. It furnishes no substantial basis for invalidating the ordinance. To what extent pigeons are a nuisance in a particular area is, in the first instance, a legislative matter. Whether or not a temporary permit in connection therewith should issue is to be determined in the first instance by the Board of Appeals, in accordance with the standard stated. Remedy is given by certiorari in the event that the Board of Appeals does not act in accordance with the standard contained in the delegation of power to it. Plaintiffs invoked that remedy and did not appeal from the dismissal of their proceeding on the merits. In view of the ordinance making lawful provision for relief in proper situations from the prohibition in respect of uses contained in section G–5.0., it may not be said that the latter section is void and unconstitutional because of unreasonableness, in a case which concerns the keeping of pigeons as a pastime and which leaves undisturbed the full use of the premises for all proper and usual purposes theretofore enjoyed. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.