In the Matter of HARRY J. HOFFMAN, Petitioner, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, July 24, 1945.

*Bogart & Lonergan* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *James Hurley* of counsel), for respondents.

DALY, J. In a proceeding to review so much of a decision by the Board of Standards and Appeals of the City of New

York as restricts the number of pigeons which may be kept by the petitioner on the roof of his two-family house located in a residence district to fifteen and that they be confined within the coop at all times and not be allowed at large, the respondents have moved for " a final order dismissing the order of certiorari herein and sustaining and affirming the determination of the Board * * *.''

The material facts and the theory of the board's holding are briefly set forth in the report of committee, dated September 14, 1943, which is recited in full in the resolution under review. It is there stated in part as follows: " As a recognition that the keeping of pigeons may be deemed a proper accessory use in a residence use district within reasonable limitations, the Borough Superintendent granted a permit for a frame pigeon coop, 5 ft. by 5 ft. by 5 ft. but placed no limitation as to the number of pigeons that should be kept or whether they should be confined within the coop without the privilege of free flight. Without a permit, the coop was enlarged so that the present size of coop and screened-in yard is 5 ft. by 5 ft. by 15 ft. plus a coop 16 ft. by 3 feet by 5 feet. Statements vary as to the number of pigeons, but it is stated by the owner of the house on the adjoining lot, who complains of the noise and dirt, that there are about 50. When the Committee of the Board inspected the premises, it appeared that at that time there were about 30.

" There is no law governing the keeping of pigeons other than the regulations of the Department of Health and the Multiple Dwelling Law, under which certain breeds of pigeons may be kept upon the roof of a multiple dwelling. The Multiple Dwelling Law is a State Enactment, but subject to City Ordinance or requirements that may be more strict. In any event, the Multiple Dwelling Law may be disregarded as it has no application to a two-family dwelling. The Zoning Resolution, however, must be considered as controlling the use. Under it, if the keeping of pigeons is carried on as business, it would definitely be unlawful in a residence use district. As an accessory use, the keeping of domestic animals within reason is permitted but should not be permitted in numbers as will be deemed tantamount to a business use or where a large number, and consequently greater noise and dirt, is not in harmony with the beneficial protection which a residence use district affords. Proximity of neighbors' dwellings, emphasizes the problem. We are dealing with a city, not a suburban condition, where dwellings are generally spaced not far apart.''

The petitioner contends that neither the Superintendent of Buildings nor the Board of Standards and Appeals is vested with the power of regulating the harboring of pigeons unless it is for commercial or business purposes.

A careful examination of the record fails to disclose even a scintilla of proof that the petitioner has kept the pigeons as a business enterprise. On the contrary, it clearly appears that he harbors them as a pastime and has co-operated in the war effort by making donations of pigeons to the United States Army Signal Corps.

There is no statutory prohibition against the keeping of the breed of petitioner's pigeons in the city of New York, nor is there any express authority granted to any body or official to regulate the number that may be kept. The determination made by the respondents attempts to do so. That is a legislative function with which they are not clothed.

In *Barkmann* v. *Town of Hempstead* (268 App. Div. 785) the constitutionality of a section of the building zone ordinance of the Town of Hempstead, insofar as it prohibits the harboring of pigeons, was challenged. In dismissing the complaint, the Appellate Division, Second Department, said in part: "To what extent pigeons are a nuisance in a particular area is, *in the first instance, a legislative* matter. * * * In view of the ordinance making lawful provision for relief in proper situations from the prohibition in respect to uses contained in section G-5.0., it may not be said that the latter section is void and unconstitutional because of unreasonableness, in a case which concerns the keeping of pigeons as a pastime and which leaves undisturbed the full use of the premises for all proper and usual purposes theretofore enjoyed." (Italics supplied.)

At one time, section 20 of the Sanitary Code prohibited the keeping of pigeons in the city of New York except under a permit from the Board of Health issued pursuant to regulations duly promulgated. This section was repealed, however, on October 9, 1934. The conditions imposed by the respondents in the resolution here under review prohibit for all practical purposes by indirection that which was formerly prohibited by the Sanitary Code. Witness the last paragraph of the report of committee where it is stated as follows: " * * * In arriving at this conclusion, [limiting the number of pigeons to 15 and directing that they be confined within the coop at all times and not be allowed at large], the Committee recognizes *that not to permit the pigeons freedom of flight will be an unsatisfactory condition* to the owner, particularly as he claims to be

rendering a service to the war effort. If this is a controlling desire, *the solution is simple — he can locate within a business use area."* (Italics supplied.)

There is thus recognized by the respondents that not to permit pigeons (racing homers) freedom of flight for the purpose of exercise amounts, for all practical purposes, to a prohibition against their being kept altogether. The so-called " simple solution " suggested by the respondents' committee that the petitioner can locate within a business use area as an alternative to not exercising his pigeons, loses sight of the fact that the petitioner is not by law prohibited from keeping his pigeons as a hobby on the roof of his home in a residence district. Until the Legislature has spoken, he is not obliged to locate his coop elsewhere and the respondents lack the power to impose upon him the conditions above referred to. This is not a situation involving an ordinance prohibiting the harboring of pigeons, subject to variations therefrom to be made by a Board of Appeals in order to give the ordinance flexibility. (Cf. *Barkmann* v. *Town of Hempstead, supra.*) Since there is no prohibition against the keeping of pigeons by the petitioner at his place of residence, the respondents lack the power of imposing the conditions here attempted.

It follows that the respondents' motion to dismiss the petition and to affirm their determination is denied, and such determination reversed insofar as it has been appealed from.

Settle order on notice.