ROSALIND KRAUSHAAR, Plaintiff, *v.* IRVING ZION, et al., Constituting the Board of Trustees of the Village of Lawrence, Defendants.

Supreme Court, Special Term, Kings County, May 31, 1946.

*Kraushaar & Kraushaar* for plaintiff.

*Conklin & Bentley* for defendants.

Nova, J. Plaintiff, a resident of the village of Lawrence, Long Island, has instituted this action to procure a judicial declaration that an ordinance adopted by the Village on May 13, 1946, effective July 1, 1946, is null and void and restraining the enforcement thereof. A motion has been made for temporary injunctive relief and on the argument thereof it was stipulated that it might also be treated as a motion by plaintiff for judgment on the pleadings.

The ordinance in question reads as follows: " Section 391.7. After this section becomes effective, no person shall keep, harbor, or maintain any pigeons, roosters, turkeys, or guinea fowl within the Village of Lawrence. No owner, tenant, or occupant of land within the Village of Lawrence shall permit such land or any part thereof, or the buildings or structures

thereon, to be used in whole or in part for the keeping, harboring or maintaining of pigeons, roosters, turkeys or guinea fowl. This section shall include in its application, any use hereby prohibited, which may have been in existence at or prior to the time this section becomes effective."

The alleged nullity of the ordinance is predicated upon the contention (1) that its enactment was not authorized pursuant to the Village Law, (2) that it is arbitrary and unreasonable and (3) that it was not enacted pursuant to a proper exercise of the police power since the acts prohibited do not constitute a nuisance.

The complaint alleges in brief that the plaintiff is a property owner and taxpayer of the village; that the village is a rural community consisting largely of one-family private dwellings, with a small business section confined to the region known as Central Avenue; that plaintiff's property is in the undeveloped portion of the village; that plaintiff for the past two years has kept upon her premises pigeons for the breeding of squabs for home consumption; that the said pigeons have been kept under close confinement, never being permitted to roam at large, and have always been located at a point more than 100 feet distant from any human habitation.

The answer which has been interposed by the village officials denies that the village is a rural community. It also denies that plaintiff's property is located in an undeveloped portion of the village. It is also affirmatively asserted that "Eighth: That the Village of Lawrence is a village of the second class situated on the Long Island Railroad about 20 miles from the Pennsylvania Station in the Borough of Manhattan, New York City, and adjoins on the east the easterly line of the City of New York at Far Rockaway; that it is not a rural region but is largely developed in the form of one-family houses, situated on lots of from 6,000 square feet to 20,000 square feet or more in area; that there is also an apartment house district and a business district.

"Ninth: That a large number of applications for building permits have been filed or are about to be filed, and it is expected that as soon as building materials are available and Governmental regulations permit, there will be a very large building development in the Village.

"Tenth: That during recent years, as the Village became more and more highly developed, problems have arisen due to the annoyance caused to residents of the Village by various

activities of other residents; that one of those problems related to the keeping of pigeons, roosters and other fowl and animals. That while many of these activities caused no annoyance when the Village was rural in character and sparsely settled, such activities are causing much annoyance now that the Village is closely settled and is likely to be more intensively built up and populated in the future.

" Eleventh: That a particular problem relates to the keeping of pigeons, and that complaints have been made to the Board of Trustees that the flying of pigeons has created annoyance to the neighbors and unsatisfactory sanitary conditions, and that the keeping of pigeons has attracted rats and vermin and has created objectionable odors.

" Twelfth: That the keeping, harboring and maintaining of pigeons, roosters, turkeys and guinea fowl within the Village of Lawrence has become and is now a public nuisance."

In *Miller* v. *Schoene* (276 U. S. 272, 279–280) Mr. Justice STONE, writing for the court, stated: " * * * where the public interest is involved preferment of that interest over the property interest of the individual, to the extent even of its destruction, is one of the distinguishing characteristics of every exercise of the police power which affects property."

Subdivision 59 of section 89 of the Village Law, which has been invoked by the defendant Board of Trustees herein in justification of their adoption of the ordinance in question, is one of the many statutes of this State wherein this fundamental prerogative of the body politic finds expression. The subdivision provides that the board of trustees of a village " May take all measures, do all acts and enact any ordinances, not inconsistent with existing law which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, safety and health of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, the preservation and protection of the public streets, the preservation of public health, the prevention and extinguishment of fires and may generally exercise all the powers granted to the village."

Defendants strenuously urge that the foregoing subdivision confers a plenary authority upon the lawmakers of the village to adopt any and all measures with reference to the general subjects therein enumerated.

I agree that the statute does confer a plenary authority upon the lawmakers of a village, but, as with the exercise of the police power by any legislative body, the measures adopted pursuant thereto must satisfy the ordinary dictates of reasonable necessity, must not be unduly oppressive, and the means selected must have a real substantial relation to the objective sought to be attained.

Plaintiff assails the ordinance here in question, contending in substance that pigeons generally, and more particularly her own pigeons, do not constitute a threat to the peace, welfare or health of the community — that they cannot be regarded as a public nuisance justifying the enactment of the ordinance. What is and what is not a nuisance, is oftentimes purely a matter of relativity. For instance, as was said in *Euclid* v. *Ambler Co.* (272 U. S. 365, 388): " a nuisance may be merely a right thing in the wrong place, like a pig in the parlor instead of the barnyard."

As suggested in the foregoing, the ordinance here in question must be subjected to the test of reasonableness, and it cannot stand unless its adoption was a reasonable exercise of the grant of power conferred by subdivision 59 of section 89. (See generally *People ex rel Knoblauch* v. *Warden*, 216 N. Y. 154.) Plaintiff calls attention to the fact that the ordinance does not simply purport to set up a standard or gauge of conduct by which pigeons shall be kept and controlled in a cleanly and orderly manner. Further that it is not directed only against pigeons improperly kept or improperly used but against all pigeons within the village limits. In short, that it does not attempt to regulate — but that *it prohibits absolutely.* No doubt, in the foregoing respects the ordinance here in question is to be sharply differentiated from the regulatory zoning ordinance which was considered by the Appellate Division in *Barkmann* v. *Town of Hempstead* (268 App. Div. 785); and also differs sharply from the regulatory provision of the Sanitary Code of the City of New York (§ 19) which analogously relates generally to the keeping of poultry.

The question whether the power to enact this ordinance exists, therefore, is to be determined not by an abstract consideration thereof, but by considering the question in connection with all the relevant circumstances. Of course, when an ordinance is within the power of the legislative body which passed it, there is a presumption that it is reasonable and just, and the judicial power to invalidate it can be exercised only when

from its inherent character or from evidence showing its unreasonableness it is demonstrated to be otherwise (*People ex rel. Knoblauch* v. *Warden, supra*). The allegations in the answer that the village of Lawrence is not a rural community but is largely built up, and the further allegations relative to the annoyance and unsatisfactory sanitary conditions resulting from the presence of pigeons in the village, are sufficient to permit the presentation of proof that the pigeon problem in Lawrence has become so acute and the public health and safety so threatened thereby that any attempt to control the same by *regulation* rather than by the complete elimination of the nuisance would be likely to prove ineffective. It cannot be held as a matter of law that this ordinance upon its face is so unreasonable that it becomes the duty of the court to declare it void, without affording an opportunity on a trial for the parties to present all the facts and circumstances pertinent thereto. Only upon a trial may it satisfactorily be ascertained whether conditions in the community are such as to justify the broad and sweeping enactment which entirely proscribes the keeping of pigeons, no matter how or where they may be kept and irrespective of whether or not any particular birds do in fact constitute a nuisance.

I have indicated heretofore that the effective date of the ordinance in question is July 1, 1946. It may well be that if a temporary injunction is not granted herein, plaintiff after such date will suffer irreparable damage because she will be compelled to destroy all of her pigeons or run the risk of prosecution. Her motion for injunctive relief is, therefore, granted. Since I consider the ultimate issue involved herein a question of fact, her motion for judgment on the pleadings is denied.