■ In the Matter of Ward A. Stevens et al., Respondents, against Robert A. Smolka et al., Constituting the Town Board of the Town of Clarence, et al., Appellants.— Final order unanimously reversed on the law and facts, with costs and petition dismissed. Certain findings of fact and conclusions of law disapproved and reversed and a new finding and conclusions made. Memorandum: The order appealed from directs the proper officer of the Town of Clarence to issue a permit or license, authorizing the petitioners to establish a trailer camp on property located in a district zoned for agricultural purposes. The Official Referee found that section 6(c)(1) of the town's House Trailer Ordinance was unconstitutional, insofar as it prohibited a trailer camp on the

premises in question. That section provided that no new trailer camp should be established in any residential or agricultural district. The zoning ordinance established six districts, one of which was agricultural, one commercial, one industrial and the rest residential. In the agricultural district, property could be used for purposes permitted in the Residential C district and for "customary agricultural purposes." This latter phrase is defined in section 12 of the ordinance as, "The use of land and buildings for the raising and housing of grain, produce, livestock, fowl, etc., either for profit or pleasure." Uses allowed in commercial districts included general business enterprises, retail stores, and, specifically, trailer camps, for which a special permit was required. Trailer camps could also be established in industrial areas subject to the same conditions. Petitioners contend that some uses allowed in the agricultural district are more noxious and undesirable than those permitted in the commercial district and therefore that it is arbitrary and unreasonable to allow trailer camps in the commercial district and prohibit them in the agricultural district. The proper test for the validity of a zoning ordinance is whether the ordinance is based on a comprehensive and reasonable plan which considers the best interests of the entire area zoned. "Upon parties who attack an ordinance such as the present rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.' [Citation]." (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115, 118.) Arbitrariness has not been demonstrated in this case on the ground that uses allowed in one zoning district are not allowed in another. The question is whether the particular use is reasonably prohibited in keeping with the comprehensive zoning plan. Further, the mere fact that customary agricultural uses are allowed in the agricultural zone does not, as petitioners argue, necessarily mean that the land could be used for noxious purposes (*Matter of Johnson* v. *Debaun*, 206 Misc. 806; *Matter of Colasuonno* v. *Dassler*, 183 Misc. 904). In the present case, the Town of Clarence could well have determined that the prohibition of trailer parks in agricultural districts was in keeping with orderly growth and development in the future and with the present needs and welfare of the entire township. The regulation of trailer camps bears a substantial relation to public health, safety, morals and general welfare and is a valid exercise of the police power, provided it is done in a reasonable manner (*Town of Southport* v. *Ross*, 284 App. Div. 598). There has been nothing proved or advanced in support of the petitioners' position to convince us either that the ordinance is unconstitutional in itself or in its application to the petitioners' property. (Appeal from final order of Erie Supreme Court directing the proper officer of the Town of Clarence to issue a permit to petitioners to operate a trailer camp.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.