James L. Dowset, Jr., J.
This is an appeal from a judgment of conviction of the District Court of Nassau County, convicting defendant of a violation of section G-5.0 of article 14 of the Building Zone Ordinance of the Town of Hempstead. The information alleges that the defendant harbored ducks, poultry, one sheep and rabbits on premises in the Town of Hempstead between June 18,1962 and July 19,1962, in violation of the aforesaid ordinance. The defendant is the business manager of a *297 nursery school. As part of the school’s operation, the defendant maintains the animals above mentioned.
The facts are not disputed. At the trial it was stipulated that the animals were actually harbored on the premises in June and July, 1962, and that the animals were on the premises prior to April 22, 1958, the effective date of the amendment to the ordinance.
The ordinance involved section Gr-5.0 of article 14, reads as follows: “ Sec. G--5.0. In any use district, no premises may be used or occupied and no structure may be erected or maintained for the harboring of pigeons, poultry, fowls, ducks, geese, swine, goats, sheep, lambs, horses, ponies, donkeys, snakes, cattle, monkeys, rabbits, chinchillas, minks, skunks, or foxes, except when permitted as a special exception by the Board of Appeals pursuant to Article 12 hereof.”
Defendant-appellant urges, that as to all animals involved herein, that the Town of Hempstead is without authority to prohibit the harboring of the animals. The question whether the power to enact this ordinance exists is to be determined not by an abstract consideration, but by considering the question in connection with the relevant circumstances. When an ordinance is within the power of the legislative body which passed it, there is a presumption that it is reasonable and just, and the judicial power to invalidate it can be exercised only from its inherent character or from evidence showing its unreasonableness. (People ex rel. Knoblauch v. Warden, 216 N. Y. 154; Kraushaar v. Zion, 188 Misc. 852.) Subdivision 9 of section 130 of the Town Law reads as follows: “9. Animals. Regulating the keeping of calves; regulating and prohibiting the keeping of swine and mink, restraining the running at large of horses, cattle, sheep, unmuzzled dogs, fowls and other animals and authorizing the impounding and sale of the same for the costs of keeping, proceedings and penalty, or the killing of unmuzzled dogs.” The applicable portion of section 261 of the Town Law reads: 11 For the purpose of promoting the health, safety, morals, or the general welfare of the community, the town board is hereby empowered by ordinance to regulate and restrict * * * the location and use of buildings, structures and land for trade, industry, residence or other purposes; provided that such regulations shall apply to and affect only such part of a town as is outside the limits of any incorporated village or city ”. Based upon the above-quoted sections of the Town Law this court is of the opinion that the Town of Hempstead possesses the power to enact the subject ordinance section G-5.0 of article 14. *298 (Barkmann v. Town of Hempstead, 268 App. Div. 785, affd. 294 N. Y. 805.)
Defendant further urges that the ordinance is unconstitutional in that it is an absolute prohibition against harboring the animals involved herein and as such is unreasonable. The validity of section Gr-5.0 of article 14 is to be determined in connection with article 12 (§ Z-1.0, subd. B) of the Building Zone Ordinance of the Town of Hempstead. The former section prohibits, inter alia, the use of any premises or structure, or the erection of any structure for the harboring of poultry, ducks, sheep or rabbits, except when permitted as a special exception by the Board of Appeals pursuant to article 12. The latter section (art. 12, § Z-1.0, subd. B) provides for an authorization of a permissive use, upon compliance with the applicable standards stated therein. (Barkmann v. Town of Hempstead, supra.) In view of the ordinance, article 12 (§ Z-1.0, subd. B) which is incorporated into .section Gr-5.0 of article 14, and which makes lawful provision for relief in proper situations from the prohibition in respect of uses contained in section Gr-5.0, it may not be said that section Gr-5.0 is an absolute prohibition against harboring the animals involved herein, nor that section G — 5.0 is unconstitutional because of unreasonableness. (Barkmann v. Town of Hempstead, supra. See People v. Miller, 304 N. Y. 105.)
Since defendant does not claim a nonconforming use in respect to the rabbits, and since the Town of Hempstead possesses the power to prohibit the harboring of all of the animals, including the rabbits, and section Gr-5.0 of article 14 of the Building Zone Ordinance has been held constitutional as to all animals including rabbits, it is unnecessary to consider on this appeal whether defendant has a nonconforming use in respect to the sheep, poultry and ducks. However because the issue of a valid nonconforming use is presented by the defendant, this court will consider the subject.
It is the law of this State that nonconforming uses or structures, in existence when a zoning ordinance is enacted are, as a general rule, protected by virtue of the “ due process ” clause of the New York State Constitution, and will be permitted to continue notwithstanding contrary provisions of the ordinance. (People v. Miller, supra, p. 107; Town of Somers v. Camarco, 308 N. Y. 537; Matter of Rogers v. Building Dept. of the City of N. Y., 208 Misc. 785, 787.) The rationale of the decisions adhering to the above rule is that the owner of the property has secured a 1 ‘ vested right ’ ’ in the particular use. This is but another way of saying that the property interest affected by the *299 ordinance is too substantial to justify its deprivation. Thus, where an extreme forfeiture would be thrust on a property owner or user, the enforcement of the zoning ordinance may be modified. On the other hand, the enforcement of a zoning regulation against a prior nonconforming use will be sustained where the resulting loss to the owner is slight and inconsequential. (People v. Miller, supra; Matter of Rogers v. Building Dept. of City of N. Y., supra.)
The question then is would the enforcement of the zoning ordinance create a hardship and insurmountable obstacle to the educational objectives of the nursery school program and thereby cause a substantial and extreme economic loss to the defendant. Th Supreme Court of the United States in Brown v. Board of Educ. (347 U. S. 483, 493) described the value of education. The court said: “ Today, education is perhaps the most important function of state and local governments. Compulsory school attendance laws and the great expenditures for education both demonstrate our recognition of the importance of education to our democratic society. It is required in the performance of our most basic public responsibilities, even service in the armed forces. It is the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training and in helping him to adjust normally to his environment.”
It could not be seriously contended that the casual exposure to barnyard animals such as those involved in the instant case are of such great moment in the educational process as to have their deprivation considered such as to deprive a child of the necessary ingredients and background for participation in civic and public responsibilities as a mature citizen nor will this court seriously consider the lack of this casual exposure such a trauma as will cause a child to be culturally lacking and make normal adjustment to his social environment difficult. Certainly the defendant would not urge upon this court that the education program of the nursery school in this instance could not otherwise be supplemented as is done in the public schools throughout this county and State in order to expose the children to this facet of life.
In the opinion of this court and based on the foregoing reasons, the maintenance of the animals on the school premises is not absolutely essential to the conduct of the school and consequently defendant has not demonstrated to this court that the existence of his nursery school is in jeopardy. The defendant has not convinced this court that enforcement of the ordinance would render *300 valueless whatever improvements or business are on the premises and certainly defendant has not demonstrated any serious financial harm to the property owner.
Accordingly, the defendant does not meet the requirements necessary to support the existence of a valid nonconforming use. Judgment of conviction affirmed.