■ In the Matter of FRED BOGART et al., Respondents, v. ROBERT WOODBURN et al., Constituting the Zoning Board of Appeals of the Village of Owego, Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered April 28, 1972 in Tioga County, which granted petitioners' application, in a proceeding pursuant to article 78 of the CPLR, to annul a resolution and decision of the Zoning Board of Appeals of the Village of Owego, New York. In December of 1970 the respondents filed an application for a permit to place a mobile home on property situated in a zone in the Village of Owego which did not permit trailers. The respondents were told by the Village Administrator and the Superintendent of Public Works that if they removed the towing apparatus of the trailer and its wheels and undercarriage it would meet the zoning requirements. A permit was issued on January 6, 1971 which upon its face states that it is for a "mobile unit to be converted into 1 family home". It is conceded that after receiving the permit the respondents placed a mobile home upon a cinder block foundation on their property and removed the wheels and et cetera so that it no longer may be simply hooked onto and pulled over the highways. After putting the mobile home on the property the respondents constructed a "V" shaped roof over the trailer and were proceeding to make additions to the mobile home when the permit was revoked by the Village Administrator on February 11, 1971. After the revocation of the permit, the respondents appealed to the Zoning Board of Appeals and which board eventually issued a resolution stating that the placement of the mobile home was a violation of the ordinance. Thereupon the respondents commenced a proceeding before Special Term seeking to annul the determination of the Board of Appeals and reinstate the permit, which relief was granted by Special Term. The application of the respondent and his sketches do not establish that there would be any such substantial alterations to the mobile home as would in substance change its ordinary purpose and use. The mere changing of the roofline of the trailer or the proposed additions would not appear on the record to change the nature of this mobile home to something more than what is commonly known as a trailer home. The definition of a trailer as contained in the ordinance is as follows: "Trailer: Any vehicle or structure, including but not limited to an automobile trailer and trailer coach intended for mobility and/or capable of being made mobile for use on highways and streets, and designed for use as a dwelling or for the conduct of a business, profession, trade or occupation and/or as further defined in chapter 16 of this Code." It would seem apparent that this otherwise ordinary house trailer was a trailer within the above definition. Quite obviously it was the intent of the ordinance to preclude the trailer type of home from this particular zone and to permit such intent to be thwarted by the simple device of removing the vehicle's mobile appartus would impair the intent of the ordinance. Upon the present record it appears without qualification that the permit was issued contrary to the provisions of the Zoning Ordinance. As previously noted, it stated "mobile unit to be converted into 1 family home". The permit allowed a structure in a restricted zone in contravention of the zoning ordinance. There are cases which hold that a permit may not be revoked where the land owner has expended substantial sums and proceeded in reliance upon the permit. (See *Matter of Clearview Gardens Pool Club* v. *Foley*, 19 A D 2d 905, 906, affd. 14 N Y 2d 809; *Matter of Mendozza* v. *Board of Zoning Appeals of Town of Smithtown*, 30 A D 2d 863.) In the present case it does not appear that the permit was legally issued in the first instance because it was violative of the

ordinance and, furthermore, it does not appear that a revocation of the permit would cause substantial injury to the respondents. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.