In the Matter of F. L. D. CONSTRUCTION CORP., Appellant, v. ALBERT A. WALSH, as Administrator of the Housing and Development Administration of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered January 13, 1971, reversed, on the law, without costs and without disbursements, and vacated, and the matter remanded for trial. This is an article 78 proceeding wherein petitioner seeks review and annulment of the respondents' determination to revoke petitioner's building permits under which petitioner had been attempting to construct a trailer camp on Staten Island. Although use of the property as a trailer camp was permissible when petitioner first applied for and obtained permits and began to so develop the property, shortly thereafter the Board of Estimate approved a City Planning Commission resolution eliminating trailer camps as a permissible use. This case falls within the ambit of the rationale delineated in *People* v. *Miller* (304 N. Y. 105, 109): " In this state, then, existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner ". Further, it has been observed that " it is well settled that one who, in reliance upon a permit validly issued by a municipality, in good faith makes substantial improvements and incurs substantial expense in order to make his land suitable for a specific purpose or use, acquires a vested right to such use, even though, by reason of subsequent changes in the zoning ordinance such use has become a prohibited or nonconforming use [citation] " (*Matter of General Realty Corp.* v. *Worthington*, 4 A D 2d 702, 703). Petitioner asserts that it has made substantial improvements and would suffer serious financial harm by revocation of the now nonconforming use of the property as a trailer camp. This is not a naked assertion, but is clothed with evidentiary and supportive matter sufficient, on this record, to raise a factual issue warranting a plenary trial. Indeed, one of petitioner's key contentions is the alleged economic hardship imposed by its expenditures for land-fill for trailer camp purposes which would not have been necessitated if the land were put to conforming industrial use as exemplified by the use of surrounding properties. Respondents urge, on the other hand, *inter alia*, that the property can easily be adapted to a permissible use without serious financial harm. Concur — Markewich, Nunez, Lupiano and Capozzoli, JJ.; McGivern, P. J., dissents in the following memorandum: I would affirm. In my view, even accepting the petitioner's allegations as true, they do not warrant the far-reaching relief it seeks, namely, that it be permitted to go forward and construct a trailer camp in a section of Staten Island the Board

of Estimate and the Planning Commission have found ill-suited for that purpose. And I perceive no reason for a trial, all the facts having been developed in this article 78 proceeding. This being so, and no vested rights having been acquired after August 20, 1974, and no arm of the government having acted arbitrarily, a final order may issue now. (*Matter of General Realty Corp.* v. *Worthington*, 4 A D 2d 702; see *Matter of Jayne Estates* v. *Raynor*, 22 N Y 2d 417.) At best, all this submission reveals are insubstantial improvements, prior to August 20, 1974, which can be adapted to other uses more in conformity with the determination of the city fathers.