TOWN OF POMPEY, Respondent, v LEON PARKER, Appellant.

LEON PARKER, Appellant, v LAWRENCE COOK et al., Constituting the Zoning Board of Appeals of the Town of Pompey, Respondents.

Fourth Department, July 2, 1976

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels* and *Eric M. Alderman* of counsel), for appellant.

*Melvin & Melvin (Edward Dietrich* of counsel), for respondents.

CARDAMONE, J. The question presented on this appeal is whether the Zoning Ordinance of the Town of Pompey in Onondaga County is unconstitutional insofar as it attempts to regulate the use of land relative to mobile homes. We conclude that it is not.

## FACTS

The facts are not in dispute and may be briefly stated. During the month of September, 1974 the appellant, Leon Parker, was forced to vacate leased premises in the Town of Pompey, in which he had resided for several years. He subsequently purchased a parcel of real property on the eastern side of Ransom Road in the Town of Pompey as a site for a home for his family. Since he was unable to arrange for the construction of any building in the time remaining before winter, he purchased and placed upon the property a three-bedroom mobile home. The Health Department indicated that it would grant approval for the placement of the mobile home when the proper facilities were connected to it. Appellant then applied for a permit, as required by the Zoning Ordinance of the Town of Pompey, to maintain said mobile home as a permanent residence. On October 29, 1974 following a hearing held on September 24, 1974 the respondent town denied appellant's application, upon the grounds that to grant it would violate the ordinance which does not allow a permanent mobile home and that such a permit would subvert the comprehensive zoning plan of the town. There are permanent mobile homes presently located in the Town of Pompey, in the hamlet of Delphi in a nonconforming trailer park and elsewhere within the town on a one-year permit basis.

Subsequently, the town obtained a preliminary injunction restraining Mr. Parker from locating the mobile home on his Ransom Road property, and the court denied his demand to declare the Town of Pompey Ordinance unconstitutional. This appeal followed.

## LEGISLATIVE ENACTMENTS

Under the provisions of section 130 of the Town Law, the town board may regulate house trailers by the use of permits and provide time limits on the duration of their stay (subd 21). Article II of the Zoning Ordinance of Pompey defines residential use as a "permanent place of abode, but excluding * * * trailer or mobile home camps or courts". The ordinance also provides for a one-year special permit for the maintenance of a mobile home granted by the zoning board upon proper application (Zoning Ordinance, Town of Pompey, arts IV and V, §§ 4, 5 and 6 [3], [c], [viii]).

## APPELLANT'S CONTENTIONS

The thrust of appellant's argument is that the zoning ordinance on its face cannot meet the tests by which the exercise of the police power must stand or fall; and that the ordinance deprives the appellant owner of a fundamental right, to wit, the right to travel and abide. Appellant also contends that this zoning ordinance excludes the use by the owner of his own land for a permanent mobile home in violation of the Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

## BERENSON TEST INAPPLICABLE

Upon oral argument both counsel urged upon the court the inapplicability of the two-pronged test set forth in *Berenson v Town of New Castle* (38 NY2d 102) which the Court of Appeals adopted in order to determine the validity of a zoning ordinance. In view of the fact that the Town of Pompey, unlike New Castle, is concededly not a developing community and because we find no attempt totally to exclude mobile homes in the town, we agree that the *Berenson* test need not be applied in the instant case.

## CONSTITUTIONALITY OF THE ZONING ORDINANCE ON ITS FACE

Turning first to appellant's argument that this zoning ordinance denies him substantive due process under the Fifth and Fourteenth Amendments, we note that a zoning ordinance which absolutely excludes the establishment of a mobile home within its boundaries would be unconstitutional because of the unreasonableness of the restrictions imposed (see *Dowsey v Village of Kensington,* 257 NY 221, 230). Local townships have been delegated authority under the State's broad police power to regulate "house trailers" and "trailer camps" (Town Law, § 130, subd 21; *Sudell v Zoning Bd. of Appeals of Vil. of Larchmont,* 36 NY2d 312). The term "house trailer" has been held to include "mobile homes" (see *Mobile Home Owners Protective Assoc. v Town of Chatham,* 33 AD2d 78). The use of mobile homes on real property may be regulated by local governments under their delegated, zoning authority (Town Law, § 260 *et seq.;* see *People v Clute,* 18 NY2d 999; *Matter of F.L.D. Constr. Corp. v Walsh,* 45 AD2d 832, affd. 38 NY2d 802; *Matter of Liuzzo v Ellery Town Bd.,* 43 AD2d 907; *Matter of*

*Stevens v Smolka,* 11 AD2d 896). The constitutional limitations on permissible zoning regulation of mobile homes in New York have never, however, been clearly spelled out (see *Jackson & Perkins Co. v Martin,* 16 AD2d 1, revd on dissenting opn, 12 NY2d 1082; see, generally, Ann 42 ALR3d 598, Validity and Application of Zoning Regulations Relating to Mobile Home or Trailer Parks; Note, 13 Syracuse L Rev 125).

In general, the due process clause of article I of the New York Constitution (§§ 6, 11) and the Fifth and Fourteenth Amendments to the United States Constitution impose a substantive requirement that zoning regulations be rationally related to legitimate police power objectives and they are susceptible to constitutional challenge only where it can be shown that the ordinance is clearly unreasonable and not really designed to accomplish a legitimate purpose affecting public health, safety, morals or general welfare *(Berenson v Town of New Castle,* 38 NY2d 102, *supra).* Further, zoning ordinances are presumed constitutional and the burden of proving their unconstitutionality falls on the objectant *(Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359, 377; *Matter of Stevens v Smolka, supra).*

Viewed with these criteria in mind, appellant has failed to demonstrate a clearly unreasonable design in the regulatory scheme fashioned by the local ordinance of the Town of Pompey. Appellant has urged, however, that the "rational relationship" test is not appropriately applied because this zoning ordinance denies him a "fundamental right" guaranteed under the Constitution, i.e., the right to travel and abide. He argues that where such a basic right is denied, the respondent town must show a "compelling State interest" in order to sustain the validity of the ordinance. We recognize that certain basic guarantees such as the right to vote *(Kramer v Union School Dist.,* 395 US 621, 626-627; *Harper v Virginia Bd. of Elections,* 383 US 663); right to equal access to the courts *(Griffin v Illinois,* 351 US 12); right to equal education *(Brown v Board of Educ.,* 347 US 483, 493); the right of association *(NAACP v Alabama,* 357 US 449); and the right to marital privacy *(Griswold v Connecticut,* 381 US 479) exist within the penumbra of the Constitution. While these fundamental rights are not all enumerated in the first eight amendments, the Ninth Amendment to the United States Constitution expressly provides that the "enumeration in the Constitution, of certain rights, shall not be construed to deny or

disparage others retained by the people". The right to travel and abide is a fundamental right long acknowledged. That all citizens are free to travel and abide unhindered within the various States was recognized as early as 1849 when Chief Justice TANEY in the Passenger cases (48 US 283, 492) said: "We are all citizens of the United States; and, as members of the same community, must have the right to pass and repass through every part of it without interruption, as freely as in our own States". This right to travel and abide in any State is a basic right repeatedly recognized and guaranteed by the Constitution *(Shapiro v Thompson,* 394 US 618, 642-643; *United States v Guest,* 383 US 745, 758; *Edwards v California,* 314 US 160; *Truax v Raich,* 239 US 33, 39).

Having stated this, the question remains—in what respect was appellant, Leon Parker, denied by this zoning ordinance the right to travel and abide. Where a law serves no other purpose than to defeat a basic right it is, of course, patently unconstitutional. Were the ordinance designed and fashioned for the sole purpose of excluding mobile home owners from abiding in Pompey, it would not pass constitutional muster. This ordinance does not by its terms or by its effect exclude mobile home owners from abiding in Pompey and, therefore, we conclude that appellant has not been denied any substantive due process rights.

### EQUAL PROTECTION CHALLENGES

There is no evidence presented with respect to any discriminatory application of the ordinance as applied to appellant, vis-à-vis other mobile home owners in the Town of Pompey. Without such a showing he cannot be deemed to have met his burden of showing a denial of equal protection on this issue (see *Janas v Town Bd. of Town of Fleming,* 51 AD2d 473).

With regard to the broader challenges to the entire class of mobile home owners under the equal protection clause of the Fourteenth Amendment, town zoning ordinances are presumed to be constitutional *(Rodgers v Village of Tarrytown,* 302 NY 115) and are susceptible to constitutional challenge only if clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare *(Euclid v Ambler Co.,* 272 US 365, 395; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508, 522). Moreover, since the exclusion of trailer camps from designated areas of a town has been held constitutional

*(Matter of Stevens v Smolka,* 11 AD2d 896, *supra),* it is incumbent upon appellant Parker to establish that, based upon recognized zoning considerations, the so-called policy of exclusion of the town was not based on legitimate considerations (see *Berenson v Town of New Castle, supra; Janas v Town Bd. of Town of Fleming, supra;* see, generally, 1 Anderson, New York Zoning Law and Practice [2d ed], § 2.08). Absent such evidence petitioner has failed to sustain his burden of proof on this issue (see *Shepard v Village of Skaneateles,* 300 NY 115; see generally, 1 Anderson, *supra,* § 2.09).

We are unable presently to conclude that a permit system with one-year limits (as provided for in the Town Law, § 130), is not rationally related to the State's interest in the health, safety, morals and general welfare of the community (see Town Law, § 261; *Barkmann v Town of Hempstead,* 268 App Div 785, affd 294 NY 805). Instead, this is a valid land-use ordinance where the line drawn by the legislative body must be respected against a charge of violation of equal protection if the ordinance is reasonable and not arbitrary *(Village of Belle Terre v Boraas,* 416 US 1, 8) and bears a "rational relationship to a [permissible] state objective" *(Reed v Reed,* 404 US 71, 76). It cannot be said, therefore, that the Zoning Ordinance of the Town of Pompey denies Parker equal protection of the laws.

Appellant has further urged that he should be considered as if he were in a "suspect category" which requires a demonstration of a compelling State interest to sustain the validity of the ordinance. A legislative classification denies equal protection of the laws if the classification is "patently arbitrary" and bears no rational relationship to a legitimate governmental interest. Certain statutory classifications are held to be "inherently suspect" triggering close judicial scrutiny and a demonstration of a "compelling state interest" in order to sustain their validity. These suspect categories all arise from immutable factors determined solely by the accident of birth, e.g. sex, race, alienage and national origin. Classifications in a statute based on such status are inherently suspect because such status bears no reasonable relationship to that individual's ability to perform or contribute. The classification invidiously discriminates because it relegates the entire class to an inferior legal status relative to the rest of society (see, e.g., *Frontiero v Richardson,* 411 US 677). Mobile home owners simply do not qualify as members of a suspect category.

## Conclusion

Appellant's arguments must fail—not because of a lack of doctrinal foundation—but rather from the absence of a factual record to support the requisite findings of invidious discrimination. The kind of "total exclusion" that might trigger the application of the compelling State interest test under rights of substantive due process has not been established. Mobile homes are not prohibited absolutely in the Town of Pompey. A legitimate permit system is established and a mobile home park as a nonconforming use already exists. We find no denial of substantive due process or equal protection of the laws.

The judgment which declared the Zoning Ordinance of the Town of Pompey constitutional and which granted an injunction restraining the violation of the ordinance should be affirmed.

MOULE, J. P., SIMONS, MAHONEY and DILLON, JJ., concur.

Judgment unanimously affirmed, without costs.