■ GORDON I. STODDARD, Respondent, v TOWN OF MARILLA et al., Appellants.—Order unanimously reversed, without costs, summary judgment granted in favor of defendants and complaint dismissed. Memorandum: The

Town Board of Marilla on December 3, 1974 denied plaintiff's petition to rezone 22 acres of his property from rural-residential to B business in order to construct a mobile home park citing the current availability of 200 empty spaces for trailer occupancy with less than 100 trailer spaces in use. The Marilla Town Planning Board on April 23, 1974 stated in a letter to the Marilla Town Board that while they could find no serious objection to plaintiff's petition, they saw no real need for additional mobile home parks beyond existing ones. The Erie County Department of Planning gave an approval to the petition but did not pass on the need for additional mobile home parks, deferring to the town's discretion on this question. Plaintiff has totally failed to establish a constitutional deprivation that would necessitate as a remedy a court order requiring the town board to rezone his property to business. There is no showing that his property cannot be profitably used for existing zoning purposes. He is not surrounded by commercial uses such as the plaintiff in *Matter of Humble Oil & Refining Co. v Dekdebrun* (38 AD2d 46) where this court concluded that the property was no longer reasonably adapted to residential use and granted a petition to rezone to commercial use. Plaintiff makes no showing that the rural-residential rezoning of his property is confiscatory and hence unconstitutional by prohibiting any reasonable use to which it is suited *(Summers v City of Glen Cove,* 17 NY2d 307; *Vernon Park Realty v City of Mount Vernon,* 307 NY 493). The remaining question concerns the constitutional validity of the alleged exclusion of mobile home parks from the town. The burden is upon the party attacking a zoning classification to establish that it is not justified by the police power to promote the health, safety and welfare *(Rodgers v Village of Tarrytown,* 302 NY 115). A zoning ordinance may even impose severe financial burdens upon a property owner where it is part of a comprehensive plan for a phased growth which should eventually inure to the benefit of all property owners in the zoning district *(Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359). The regulation of trailer parks is within the power of the town to provide for the health, safety and welfare of its residents *(Matter of Stevens v Smolka,* 11 AD2d 896). Plaintiff contends that the Town of Marilla has excluded all mobile home parks, since the existing business districts are not large enough to accommodate the 500-foot setback requirements (from an R-R District) necessary for a mobile home park. However, the decision of the town board recites that there are 200 unused mobile home park spaces in existing parks (presumably noncomforming uses) and the town planning board concluded that there was not a current need for another mobile home park. It is not required that the Town of Marilla provide for a proportional quantity of various types of residences within a particular zoned area: "While it may be impermissible in an undeveloped community to prevent entirely the construction of multiple-family residences anywhere in the locality * * * it is perfectly acceptable to limit new construction of such buildings where such units already exist". *(Berenson v Town of New Castle,* 38 NY2d 102, 110.) Plaintiff does not argue that the Town of Marilla is attempting to exclude new growth from surrounding areas or that it is a rapidly developing community. It is not disputed that it does have existing mobile home parks. Thus, there is no need to remit this case for a factual determination on the question of regional versus town needs with respect to additional mobile home parks *(Town of Pompey v Parker,* 53 AD2d 125). Presumably the Erie County Planning Department did consider regional needs from a regional standpoint for such parks when it recommended that the question was one of peculiar local concern and discretionary action (cf. *Berenson v Town of*

*New Castle, supra).* While defendants-appellants did not cross-move for summary judgment they are nonetheless entitled to it (CPLR 3212, subd [b]). (Appeal from order of Erie Supreme Court—summary judgment.) Present— Marsh, P. J., Moule, Dillon and Witmer, JJ.