■ JOSEPH UNANUE, Doing Business as U & U REALTY COMPANY, Respondent, v TOWN OF GARDINER, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Cobb, J.), entered September 29, 1983 in Ulster County, which, *inter alia,* denied defendant's cross motion to dismiss the complaint, and (2) from an order of said court, entered February 28, 1984 in Ulster County, which denied defendant's motion for reargument and resettlement of the prior order.

Plaintiff is the owner of a tract of land situated in the Town of Gardiner, Ulster County, that in large measure surrounds a lake and is utilized for recreational purposes. After extensive preliminary negotiations with the Planning Board, plaintiff

submitted an application dated February 24, 1982 for a travel trailer park license pursuant to a local ordinance (Local Laws, 1972, No. 4 of Town of Gardiner) to the Town Board for approval. On March 9, 1982, and prior to a determination on plaintiff's application, the Town Board passed two amendments to its zoning laws, which respectively imposed a one-year moratorium upon the issuance of all travel trailer park licenses (Local Laws, 1982, No. 1 of Town of Gardiner) and all building permits. Thereafter, plaintiff's application was denied, as indicated in a letter from the Town Attorney dated April 15, 1982. On March 8, 1983, the Town Board adopted a new zoning ordinance which effectively precludes plaintiff's proposed development since access to his property is not provided by State or county highways as required by the ordinance (Town of Gardiner Municipal Code, § 30.59, subd B, par 2).

In the meantime, plaintiff commenced the instant action seeking a judgment declaring the two moratorium amendments unconstitutional. The action also seeks an injunction compelling issuance of a license to construct and maintain the proposed travel trailer park upon plaintiff's lands, or, alternatively, leave to complete the application for final approval under the preexisting ordinance. Defendant cross-moved to dismiss the action upon the grounds that: plaintiff should have commenced a CPLR article 78 proceeding (now time barred) to review the determination denying its application; the complaint failed to state a cause of action; and plaintiff's application for a license failed to comply with the pertinent travel trailer zoning ordinance.[*] Special Term denied the cross motion and defendant's subsequent motion for reargument and resettlement of the order. Defendant has appealed from both orders.

Initially, we note the denial of the motion to reargue is not appealable (*Smith v Smith,* 97 AD2d 932, 933; *Spiro v Spiro,* 91 AD2d 1103, 1104, mot for lv to app dsmd 59 NY2d 761; Siegel, NY Prac, § 254, p 314). It is equally clear that an action for a declaratory judgment is the proper vehicle to challenge the constitutionality of an ordinance (*Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 457-458; *Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm.,* 94 AD2d 885, app dsmd 60 NY2d 653, app dsmd __ US __, 104 S Ct 1582). Here, plaintiff does not challenge the Town Board's denial of the license application per se, but instead the moratoriums under which the

---

[*] Plaintiff had moved for a preclusion order because of defendant's failure to comply with its demand for a bill of particulars. Defendant's cross motion included a request to vacate the demand. This phase of the motion is not presently before us.

license was denied. In this context, a declaratory judgment action is clearly proper and defendant's objection to the timeliness of the action is without substance (CPLR 213, subd 1; see *Press v County of Monroe,* 50 NY2d 695).

Upon review of the complaint, we further conclude that plaintiff has presented a viable cause of action for declaratory relief. In essence, plaintiff challenges the constitutional validity of the moratorium ordinances on their face and as applied to his particular piece of property. Under principles of both due process and equal protection, he contends the moratoriums amount to a confiscatory taking of his property (see 1 Anderson, NY Zoning Law & Practice [3d ed], § 3.17, pp 89-95). The premise for these provisions, plaintiff contends, is not to promote the comprehensive zoning plan of the community, but simply to further the interests of particular groups opposed to his particular development. Whether the subject ordinances constitute a reasonable exercise of the locality's authority or an unconstitutional, exclusionary taking of plaintiff's property depends on the particular facts of the case (*French Investing Co. v City of New York,* 39 NY2d 587, 596). If proven, plaintiff's factual allegations could demonstrate the unconstitutionality of the moratoriums. In so finding, we emphasize that plaintiff bears a significant burden of overcoming the presumption of constitutional validity attendant to these ordinances (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 496-500; *Marcus Assoc. v Town of Huntington,* 45 NY2d 501, 505; see *Matter of Stevens v Smolka,* 11 AD2d 896, 897). Whether plaintiff can meet this burden presents a triable issue of fact, precluding dismissal at this stage of the litigation.

We take note that several issues raised by defendant on this appeal are not properly before this court; to wit, whether plaintiff's claim is invalid for failure to file a complete license application, whether the current town zoning ordinance adopted March 8, 1983 should control the outcome of the case, and whether plaintiff has any vested rights in proceeding under the previous travel trailer licensing ordinance. As noted above, the query here is not so much the basis of the Town Board's denial of the license application, but rather the constitutional validity of the underlying moratoriums. We recognize that Special Term concluded plaintiff's license application had been denied solely on the basis of the travel trailer park moratorium (Local Laws, 1982, No. 1 of the Town of Gardiner) and not, as defendant urges, on the additional basis of incompleteness. We take this opportunity to emphasize that in the event the moratoriums are deemed invalid, defendant is not precluded from challenging the

sufficiency of plaintiff's license application. Similarly, whether plaintiff has vested rights under the previous travel trailer ordinance under a " 'special facts exception' " (see *Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772) must await resolution of the present threshold issue.

Orders affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.