■ ALICE B. SERVATIUS, Appellant, v TOWN OF VERONA et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding after the Verona Zoning Board of Appeals denied her application for a trailer license and directed her to remove the mobile home located on her property within 60 days. Special Term dismissed the petition. We affirm. Town Law § 130 (21) confers upon town boards the power to enact ordinances regulating "house trailers" and "trailer camps" (*Stoddard v Town of Marilla,* 60 AD2d 771, *affd* 46 NY2d 869; *Town of Pompey v Parker,* 53 AD2d 125, *affd* 44 NY2d 805). Such ordinances should be upheld when they are reasonably related to public health, safety, morals or general welfare (*Town of Pompey v Parker, supra;* 1 Anderson, New York Zoning Law and Practice § 15.03 [3d ed 1984]). Here the ordinance provides for a variety of exceptions in which trailers are permitted and therefore it is not an unreasonable exercise of the town's authority. Neither was the Board of Appeals denial arbitrary and capricious. Inasmuch as the ordinance excludes "[a]ny enclosed vehicle or structure used or designed to be used for * * * sleeping quarters, now or formerly mounted on wheels", petitioner cannot circumvent the local regulations by erecting a structure enclosing the mobile home (*see, Matter of Bogart v Woodburn,* 40 AD2d 888). (Appeal from judgment of Supreme Court, Oneida County, Tenney, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ. [124 Misc 2d 848.]