In the Matter of VILLAGE BOARD OF TRUSTEES OF THE VILLAGE OF MALONE, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF MALONE, Respondent, and KIM G. MALLEY, Appellant.

Third Department, October 18, 1990

APPEARANCES OF COUNSEL

*John A. Piasecki* for appellant.

*Andrew G. Schrader* for Village Board of Trustees of the Village of Malone, respondent.

## OPINION OF THE COURT

WEISS, J.

In August or September 1988, respondent Kim G. Malley's application to install what he described to be a factory-manufactured home upon his land in the Village of Malone, Franklin County, was denied on the ground that mobile homes were an excluded use in the zone in which the land was located. Thereafter, respondent Zoning Board of Appeals of the Village of Malone (hereinafter the Board) voted to grant Malley's

application for a use variance permitting the installation.* Petitioner commenced a proceeding pursuant to CPLR article 78 seeking annulment of the Board's decision. Supreme Court dismissed the petition without prejudice based upon petitioner's failure to exhaust available administrative remedies by requesting a rehearing. Following such rehearing, the Board voted to reaffirm its previous decision based upon its conclusion that the village code unlawfully discriminated against mobile homes. Petitioner thereupon commenced the instant CPLR article 78 proceeding and Supreme Court granted judgment annulling the Board's decision and requiring Malley to remove the mobile home. This appeal by Malley ensued.

We begin our analysis by recognizing that "local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. The courts may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion" *(Matter of Cowan v Kern,* 41 NY2d 591, 598). This court has held that, absent the finding that the decision of a planning board is arbitrary or unlawful, "a court will not substitute its discretion for that of the planning board" *(Matter of Viscio v Town of Guilderland Planning Bd.,* 138 AD2d 795, 798). Malley argues that the Board correctly viewed his mobile home as a dwelling once it became permanently affixed to the land.

The Board found that while the definition of a single-family dwelling in the village code specifically excluded a mobile home: "the State of New York's definition of single-family dwelling * * * does not exclude a permanently fixed mobile home. Instead, the New York State laws treat a permanently affixed mobile home as a 'dwelling' * * * contrary to the [Village Code]". The Board further decided that it was "unable to find any district in which the permanently fixed mobile home is a permitted use for means of a dwelling", a situation contrary to that of New York which views such a mobile home as a dwelling, which is a permitted use in a residential district.

In annulling that decision, Supreme Court held that the Board erred in concluding that the village code unlawfully

---

* The Board decision concluded by stating that "[t]he application for a use variance * * * is unnecessary since a mobile home is viewed as a dwelling in utilization of the New York State's Zoning Laws and a dwelling is a permitted use in a Residential (R) district".

discriminated against mobile homes and further held that the subject unit was a mobile home within the definitions contained in the village code, a conclusion with which we agree. Although a mobile home is certainly capable of use as a dwelling, it is not a single-family dwelling as that term is used in the village code and is not a permitted use in a residential district. The ordinance specifically excludes a mobile home from the definition of a single-family dwelling, and it cannot be thwarted by removing the vehicle's mobile apparatus and affixing it to the land (see, Servatius v Town of Verona, 112 AD2d 706; Matter of Bogart v Woodburn, 40 AD2d 888). Therefore, the Board's decision was both arbitrary and without a rational basis, and as such, was properly annulled (see, Matter of Cowan v Kern, 41 NY2d 591, 599, supra).

Malley next attacks the constitutionality of the village code, arguing that it both impermissibly excludes mobile homes from the village and deprives him of his due process rights. Conceding that the village code permits erection of mobile homes in a planned development district, he contends that because no such district exists in the village and that no regulations for such a district have been formulated, the result is an unconstitutional exclusion of mobile homes. Malley further contends that the siting of three mobile homes within the village without variances has deprived him of equal protection of the law. We disagree with this argument.

We first note that, because zoning is a legislative act, zoning ordinances enjoy a strong presumption of constitutionality and impose upon the party who would attack them the heavy burden to overcome that presumption beyond a reasonable doubt (Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186; Shepard v Village of Skaneateles, 300 NY 115, 118). Generally, "[z]oning ordinances are susceptible to constitutional challenge only if [they are] 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare' " (Berenson v Town of New Castle, 38 NY2d 102, 107, quoting Euclid v Ambler Co., 272 US 365, 395). It is implicit that a municipality may not legitimately exercise its zoning power to effectuate socioeconomic or racial discrimination (Berenson v Town of New Castle, supra). The courts therefore carefully scrutinize the exercise of legitimate police power purposes by a municipality (see, Town Law §§ 261, 263) to discern whether it seeks to conceal exclusionary zoning practices (see, Suffolk Hous. Servs. v Town of Brookhaven, 70 NY2d 122, 129-130; see also, Robert

*E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338, *cert denied* 450 US 1042; *Matter of Golden v Planning Bd.*, 30 NY2d 359, 369-370, *appeal dismissed* 409 US 1003).

Since the exclusion of trailer camps (in this case, indistinguishable from mobile home parks) from designated areas of a town has been held constitutional *(Matter of Stevens v Smolka*, 11 AD2d 896), it became incumbent upon Malley to establish that, based upon recognized zoning considerations, the alleged policy of exclusion by the village was not based upon legitimate considerations *(see, Town of Pompey v Parker*, 53 AD2d 125, 129-130, *affd* 44 NY2d 805). Absent such evidence, Malley will have failed to sustain his burden of proving that the village code effects illegal exclusionary provisions *(see, supra*, at 130). Since the village code provides that mobile home parks are permissible in a planned development district under a "special application" procedure, we discern no impermissible exclusionary purposes, notwithstanding the fact that no previous application for approval of a mobile home park has been made nor have rules for such a park, as yet, been promulgated.

◼ Nor has Malley persuasively demonstrated that the village code denies him either due process rights or equal protection of the laws. He has failed to show that the village code was not adopted for a legitimate governmental purpose and that there is lacking a reasonable relation between the end sought to be achieved by it and the means used to achieve that end *(see, Asian Ams. for Equality v Koch*, 72 NY2d 121, 131-132). Malley has failed to show that the village code was not the product of careful study, preparation and consideration of the general requirements *(see, Matter of Town of Bedford v Village of Mount Kisco*, 33 NY2d 178, 188-189, *supra; Suffolk Hous. Servs. v Town of Brookhaven*, 109 AD2d 323, 327-332, *affd* 70 NY2d 122, *supra; see also*, 1 Anderson, New York Zoning Law and Practice § 5.03, at 161-162 [3d ed]). Neither Malley's brief nor anything to which he has made reference in the record demonstrates that he has been denied equal protection. Although Malley refers to three mobile homes which are sited in the village, he offers no proof to show the conditions under which they were permitted or their status. We are unable to find evidence of a denial of Malley's right to substantive due process or equal protection of the laws. Our scope of review is limited to the facts found in the record *(Huntley v State of New York*, 62 NY2d 134) and, as we

have stated, this record is devoid of the proof required to support Malley's claim of unconstitutionality. In sum, we find no reason to disturb the judgment.

KANE, J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, without costs.