■ Town of Cuyler, Respondent, v Benjamin Pfleegor et al., Appellants. [785 NYS2d 780]—

Mercure, J. Appeal from two orders of the Supreme Court (Rumsey, J.), entered October 2, 2003 and November 12, 2003 in Cortland County, which, inter alia, granted judgment in plaintiff's favor.

In May 2002, plaintiff served an order to remedy violations upon defendants, directing them to remove an unauthorized trailer from their property. As relevant here, the order charged defendants with a violation of Local Law No. 2 (1994) of Town of Cuyler § 501 (hereinafter Local Law § 501), which prohibits the use of land "for the parking, storage, or use of a mobile home or as a mobile home park without first obtaining a permit." After defendants failed to remove the trailer or obtain a permit, plaintiff commenced this action requesting that defendants be compelled to remove the structure. Supreme

Court determined that the structure was the type intended to be regulated by Local Law § 501 and ordered it removed from defendants' property. Defendants appeal, asserting that because they use the trailer only for storage and have rendered it uninhabitable by removing all plumbing and utility systems, it cannot be a "mobile home" within the meaning of the statute. We disagree.

Local Law No. 2 (1994) of Town of Cuyler § 302 defines a "Mobile Home" as: "A structure, which is eight feet or more in width and 32 feet or more in length, transportable in one or more sections, built on a permanent chassis, and designated to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and which includes the plumbing, heating, air conditioning, and electrical systems contained therein, designed for installation with only minimal unpacking and assembly operations upon being placed on a mobile home pad and connected to utility hook-ups."* Although defendants assert that they have not "designated" the structure for residential use and that they intend to use it only for storage purposes, they conceded before Supreme Court that it was designed by its manufacturer to be a mobile home. That is, the structure was "designated" by the manufacturer for residential use.

Inasmuch as the ordinance was intended to promote, among other things, community aesthetics, we reject defendants' argument that their subsequent alterations to the interior of the structure and stated intent not to use it as a residence were sufficient to prevent the structure's classification as a mobile home. "Quite obviously it was the intent of the ordinance to preclude the trailer . . . from this particular zone and to permit such intent to be thwarted by the simple device of removing the [plumbing and utility systems] would impair the intent of the ordinance" (*Matter of Bogart v Woodburn*, 40 AD2d 888, 888 [1972]; *see Mobile Home Owners Protective Assn. v Town of Chatham*, 33 AD2d 78, 79 [1969], *appeal dismissed* 26 NY2d 750 [1970]). Nor can defendants' purported reliance on assurances from town officials that the structure would not violate Local Law § 501 absolve them from the express requirements of that provision (*see Matter of Bogart v Woodburn, supra* at 888-889).

We have considered defendants' remaining arguments and conclude that they are without merit.

---

* The parties stipulated that defendants' structure measures 70 feet by 14 feet, is transportable in one section and built on a permanent chassis without a permanent foundation.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.